IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | |
|---|---|
| **GREGORY LEE MARTIN,** <br> **ANTHONY WAYNE EDMONDS,** <br> **GARY RUDOLPH** and <br> **RICHARD LEWIS REECE, JR.,** <br> Individually, on behalf of themselves <br> and on behalf of all other similarly <br> situated current and former employees, <br><br> Plaintiffs, <br><br> **V.** <br><br> **FLOWERS FOODS, INC.** and **FLOWERS** <br> **BAKING CO. OF JAMESTOWN, LLC** <br><br> Defendants. | NO. 1:18-cv-468 <br><br> **FLSA Opt-In Collective Action** <br> **JURY DEMANDED** |

## COLLECTIVE ACTION COMPLAINT

COMES now the Plaintiffs, Gregory Lee Martin, Anthony Wayne Edmonds, Gary Rudolph and Richard Lewis Reece, Jr., (hereinafter "named Plaintiffs") on behalf of themselves, individually, and on behalf of themselves and those similarly situated as a collective class (collectively hereinafter "Plaintiffs"), and hereby complain as follows against the named Defendants:

### I.  NATURE OF THE ACTION

1.  This is an individual and Collective Action Complaint brought to obtain monetary relief on behalf of the named Plaintiffs and those similarly situated who operate(d) as fresh bakery product employees and/or were employees classified as "Distributors" for Defendants, Flowers Foods Inc., and Flowers Baking Co. of Jamestown, LLC, (collectively hereinafter "Flowers

1

Defendants"), who Defendants either classify (or classified) as independent contractors and, fail (or failed) to pay overtime pay for hours worked in excess of 40 hours per week during the class periods. Named Plaintiffs allege violations of the Federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq.*, and seek monetary relief in the form of unpaid overtime compensation, liquidated damages, and other damages for themselves and those similarly situated.

2. Flowers Defendants employ individuals classified as "Distributors" to deliver fresh baked goods to their customers (primarily grocery stores, mass retailers, and fast food chains). In addition to delivering Flowers Foods' products to their customers, Distributors stock their products on store shelves, retrieve outdated product, and assemble promotional displays designed and provided by Flowers Defendants and, on the behalf of Flowers Foods.

3. The FLSA collective group consists of all individuals who operate(d) as Distributors for Flowers Defendants, and are or were misclassified as independent contractors and, who worked for the Defendant Flowers Baking Company of Jamestown, LLC., at any time during the applicable limitations period (hereinafter "Distributors").The Named Plaintiffs, during applicable time periods, have been members of this collective group and bring this collective action on behalf of themselves and other similar situated Distributors as well as bring their individual claims as such.

4. This action seeks relief for Flowers Defendants' denial to the named Plaintiffs and those similarly situated of the rights, obligations, privileges, and benefits owed to them as employees under the FLSA.

## II. PARTIES

5. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

6. Plaintiff Gregory Lee Martin is a resident of Fries, Virginia who worked as a Distributor for Flowers Defendants in that state during the past three years and, classified as a Distributor for Flowers Defendants. He performed delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers Defendants. Plaintiff Martin operated out of a distribution center in Galax, Virginia, run and operated by Defendant Flowers Baking Co. of Jamestown, LLC. Plaintiff Martin regularly worked in excess of 40 hours per week and did not receive overtime premium pay at any time during the class periods. (Plaintiff Martin's Consent to Join this action is attached hereto as Exhibit A.)

7. Plaintiff Anthony Wayne Edmonds is a resident of Hillsville, Virginia who worked as a Distributor for Flowers Defendants in that state during the past three years and, classified as a Distributor for Flowers Defendants. He performed delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers Defendants. Plaintiff Edmonds operated out of a distribution center in Galax, Virginia, run and operated by Defendant Flowers Baking Co. of Jamestown, LLC. Plaintiff Edmonds regularly worked in excess of 40 hours per week and did not receive overtime premium pay at any time during the class periods. (Plaintiff Edmond's Consent to Join this action is attached hereto as Exhibit B.)

8. Plaintiff Gary Rudolph is a resident of Fries, Virginia who worked as a Distributor for Flowers Defendants in that state during the past three years and, classified as a Distributor for Flowers Defendants. He performed delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers Defendants. Plaintiff Rudolph operated out of a distribution center in Galax, Virginia, run and operated by Defendant Flowers Baking Co. of Jamestown, LLC. Plaintiff Rudolph regularly worked in excess of 40 hours per week and did

not receive overtime premium pay at any time during the class periods. (Plaintiff Rudolph's Consent to Join this action is attached hereto as Exhibit C.)

9. Plaintiff Richard Lewis Reece, Jr. is a resident of Hillsville, Virginia who worked as a Distributor for Flowers Defendants in that state during the past three years, and classified as a Distributor for Flowers Defendants. He performed delivery and merchandizing services to local retailers of bakery and snack food products manufactured or sold by Flowers Defendants. Plaintiff Reece operated out of a distribution center in Galax, Virginia, run and operated by Defendant Flowers Baking Co. of Jamestown, LLC. Plaintiff Reece regularly worked in excess of 40 hours per week and did not receive overtime premium pay at any time during the class period. (Plaintiff Reece's Consent to Join this action is attached hereto as Exhibit D.)

10. Defendant Flowers Foods, Inc. (herein "Defendant Flowers Foods") is a Georgia corporation with its principal place of business located at 1919 Flowers Circle, Thomasville, Georgia 31757, and was Plaintiffs' "employer" (as that term is defined under the FLSA) during the class periods. In the alternative, Defendant Flowers Foods was Plaintiffs' "joint employer" and/or "integrated employer" at all times mentioned herein. Defendant Flowers Foods hires individuals, whom it classifies as independent contractors, to distribute its products by delivering them to grocery and other retail stores and stocking the products on store shelves. Defendant Flowers Foods employs Distributors throughout the United States.

11. Defendant Flowers Baking Co. of Jamestown, LLC, is a North Carolina limited liability company with its principal place of business located at 810 Main Street, Jamestown, North Carolina 27282. Defendant Flowers Baking Co. of Jamestown, LLC is a wholly owned subsidiary of Flowers Foods, Inc., and has been Plaintiffs' "employer" (as that term is defined under the FLSA) during the class periods. In the alternative, Defendant Flowers Baking Co. of Jamestown,

4

LLC has been Plaintiffs' "joint employer" and/or "integrated employer" at all times mentioned herein. Defendant Flowers Baking Co. of Jamestown, LLC hires individuals it classifies as independent contractors, to deliver and stock its bakery and snack food products.

### III. JURISDICTION AND VENUE

12. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

14. Upon information and belief, there are more than 100 members of the proposed Collective Group, and the amount in controversy, in the aggregate, exceeds $4,000,000.00 exclusive of interest and costs.

15. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

16. Named Plaintiffs bring this action, individually and, on behalf of themselves and the Collective Group as a Collective action under the FLSA.

### IV. FLSA COLLECTIVE ACTION ALLEGATIONS

17. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

18. Named Plaintiffs bring Cause of Action-Count I of this Complaint as a collective action, alleging violations of the FLSA on behalf of themselves and all similarly situated individuals. This Collective Group is defined as:

> All individuals who, through a contract with Defendants or otherwise, performed or perform as Distributors for Defendants under an agreement with Flowers Baking Co. of Jamestown, LLC and who were classified by Defendants as "independent contractors" (collectively "Covered Position") anywhere in the United States at any time from the date that is three years preceding the commencement of this action through the close of the Court-determined opt-in period and who file a consent to join this action pursuant to 29 U.S.C. §216(b).

5

The Collective Group also includes the named Plaintiffs in this action. Named Plaintiffs reserve the right to modify this definition prior to conditional certification of the collective group.

19. The named Plaintiffs, along with current and former employees of Flowers Defendants in Covered Positions are similarly situated in that they have substantially similar job requirements, pay provisions, and are subject to Flowers Defendants' common practice, policy, or plan of controlling their daily job functions.

20. Flowers Defendants have regularly and routinely forced, required, expected, induced and, suffered and permitted, the named Plaintiffs and members of the proposed collective class to work more than 40 hours per week within weekly pay periods during the class periods, without being paid overtime compensation.

21. Upon information and belief, Flowers Defendants knew the named Plaintiffs and all similarly situated individuals performed work that required overtime pay but failed to pay them their earned overtime compensation.

22. Flowers Defendants have therefore operated under a scheme to deprive the named Plaintiffs and all other similarly situated individuals of overtime compensation by failing to properly compensate them for all time worked.

23. Flowers Defendants' conduct, as set forth in this Complaint, was willful and has caused significant damages to the named Plaintiffs and all other similarly situated individuals.

24. Flowers Defendants did not have a good faith basis for its conduct and violations of the FLSA as set forth in this Complaint.

25. Count I of this Complaint for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) of the Act because the claims of the named Plaintiffs are similar to the claims of current and former "independent

contractors" who were classified as "Distributors" and work and/or have worked for Flowers Defendants. Thus, the named Plaintiffs should be permitted to bring this action as a collective action and on behalf of themselves and those similarly situated individuals pursuant to the "opt-in" provision of the FLSA, 29 U.S.C. § 216(b).

26. Defendants are liable under the FLSA for failing to properly compensate the named Plaintiffs and all other similarly situated individuals for unpaid overtime compensation and notice of this lawsuit should be sent to all similarly situated individuals. Those similarly situated individuals are known to Flowers Defendants and are readily identifiable though their payroll and other personnel records.

## V. STATEMENT OF FACTS

27. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

28. Defendant Flowers Foods is a corporation whose business consists of distributing bakery and snack food products to retail customers, using a centralized network of communication, distribution, and warehousing facilities integrating Collective Action members into that existing network of operations. Upon information and belief, at least one of Defendant Flowers Foods' bakeries and several of its warehouses are operated by Defendant Flowers Baking Co. of Jamestown, LLC.

29. Defendant Flowers Foods, by and through its subsidiaries such as Defendant Flowers Baking Co. of Jamestown, LLC, ships bakery and snack products to warehouses and distributors. As such, the named Plaintiffs and members of the proposed Collective Group arrive at their designated warehouse early in the morning and load their vehicles with the Flowers Defendants' products.

30. The Distributors then deliver the product to Defendants' retailer-customers at the time and place specified by Flowers Defendants.

31. The distribution agreement between Flowers Defendants and its Distributors (including the named Plaintiffs and members of the proposed Collective Group) has no specific end date and can be terminated by either party at any time with limited notice.

32. Defendant Flowers Foods markets it bakery and snack products to retailers such as Wal-Mart, Harris Teeter, Target, Dollar General, and other grocery stores and mass merchants. Defendant Flowers Foods negotiates with the retailers to set virtually all terms of the relationship including, *inter alia*:

    a. Prices for products;

    b. Product selection;

    c. Promotional pricing for products;

    d. The right to display promotional materials;

    e. Service and delivery agreements;

    f. Shelf space to display products;

    g. Advertisements in retailers' newspaper ads; and

    h. Virtually every other term of the arrangement.

33. In some cases, during the class periods, Defendant Flowers Foods has negotiated and agreed with retailers and fast food restaurants to manufacture and distribute their store brand's (or private label) bread products.

34. Also during the class periods, Defendant Flowers Foods negotiated the above terms for fresh-baked bread and snack products (which are distributed by the named Plaintiffs and members of the proposed Collective Group) at the same time as it negotiated terms for its shelf-

8

stable snack products (which are not distributed by the named Plaintiffs). The result is that the Distributors' job duties and ability to earn income is/was tied directly to the sale and promotion of products outside of their control.

35. The relationship between the named Plaintiffs and each member of the proposed Collective Group and Defendants is essentially the same in all material respects.

36. The named Plaintiffs and members of the proposed Collective Group strictly were required to follow Defendants' instructions and adhere to the pricing, policies, and procedures negotiated between Defendants and their retailer customers.

37. During the class periods the named Plaintiffs and the Collective Group used Flowers Defendants' hand-held computers to log the delivery, and billed Flowers Defendants' customers using the data entered into the computers by the Distributors. The terms of the sale were negotiated between Flowers Defendants and their respective retailer-customers,

38 During the class periods the named Plaintiffs and members of the proposed Collective Group placed Flowers Defendants' products on the retailer-customers' shelves, removed stale or rejected product, and organized the retailer-customers' display shelf. If Flowers Defendants were running a sale or promotion, the Distributors also constructed and stocked the promotional displays. Flowers Defendants usually reimbursed Distributors for up to eight percent of stale or rejected product as part of their compensation.

39. Flowers Defendants represented to the named Plaintiffs and members of the proposed Collective Group they would run their businesses independently, have the discretion to use their business judgment, and have the ability to manage their businesses to increase profitability.

40. Notwithstanding, Flowers Defendants denied the named Plaintiffs and other similarly situated Distributors the benefits of ownership and entrepreneurial skill by retaining and exercising the following rights, *inter alia*:

> a. The right to negotiate the wholesale price for the purchase and sale of products;
>
> b. The right to negotiate shelf space in the stores in the Distributors' territory;
>
> c. The right to negotiate the retail sale price for products;
>
> d. The right to establish all sales and promotions,
>
> e. The right to withhold pay for certain specified expenses;
>
> f. The right to unilaterally terminate the employment relationship;
>
> g. The right to change orders placed by Distributors, to require them to pay for product they did not order, load it on their trucks, deliver it to stores, maintain the product in the store, remove the product from the store, and return it to the warehouse for credit; Distributors who did not attempt to distribute the extra product were billed for the full wholesale price of that product;
>
> h. The right to assign delivery stops to each Distributor in a particular order and require Distributors to get approval for following a different order;
>
> i. The right to discipline Distributors, up to and including termination, for reasons including hiring employees to run their routes, taking time off work, refusing a specific order to deliver a product to a particular store at a particular time, or not being able to make deliveries during certain times.
>
> j. The right to handle customer complaints against the Distributors and to take disciplinary action;

> k. The right to unilaterally vary the standards, guidelines, and operating procedures; and
>
> l. Various other rights reserved by Defendants.

41. During the class periods the named Plaintiffs and members of the proposed Collective Group were required to accept Flowers Defendants' conditions of employment or face termination.

42. Flowers Defendants not only retained the rights listed above but exercised the rights as well.

43. Plaintiffs and other similarly situated Distributors received W-2 forms at the end of the year, representing and acknowledging they were being paid as employees.

44. During the class periods Flowers Defendants routinely modified the product orders of the named Plaintiffs and other similar situated Distributors as a means to increase the amount of the order. If class Distributors refused the additional product, Flowers Defendants nonetheless billed respective Distributors for the product and deducted the cost from their wages.

45. At all times material to this action, Flowers Defendants controlled the opportunity for profit or loss of the named Plaintiffs and other similarly situated Distributors, both by controlling wholesale pricing and negotiating retail pricing. Specifically, Flowers Defendants negotiated the sale of all products with major retailers. The named Plaintiffs and members of the proposed Collective Group then delivered the products to store locations per the agreement between Flowers Defendants and respective retailers.

46. The named Plaintiff and members of the proposed Collective Group lacked discretion as to what products to distribute to a particular store, whether to run sales or promotions,

how frequently to service stores, and similar discretion that would allow them to increase (or decrease) the profitability of their work, during the class periods.

47. The named Plaintiffs and members of the proposed Collective Group had low cost in terms of investing in equipment, etc. relative to their distribution duties during the class periods.

48. Flowers Defendants provided the named Plaintiffs and the Collective Group with computer equipment, administrative support, warehouse space, advertisements, promotional materials, bakery trays, market advice, strategic development, and virtually every other business necessity during the class periods.

49. Flowers Defendants arranged for insurance and vehicle financing on behalf of the named Plaintiffs and members of the proposed Collective Group at all times material to this action. Their insurance premiums, in turn, were paid with a deduction from their wages.

50. At all times material, territories for the named Plaintiffs and members of the proposed Collective Group were supposed to be exclusive to each of them. However, Flowers Defendants retained and exercised the right to enter and negotiate with the respective Distributor's stores in any territory.

51. During the class periods, the job duties performed by the named Plaintiffs and other similarly situated Distributors did not require any specialized skills.

52. The named Plaintiffs and members of the proposed Collective Group were denied the rights and benefits of employment, including, but not limited to overtime premium wages, because they were misclassified as non-employees, at all times material herein.

53. During the class periods, the named Plaintiffs and members of the proposed Collective Group incurred expenses for equipment, insurance, product loss, product return, and

12

other expenses that Flowers Defendants required them to purchase, or that was necessary for their work.

54  Named Plaintiffs typically worked more than 50 hours or more within seven-day work weeks during the class periods, for which neither the named Plaintiffs nor, upon information and belief, members of the proposed Collective Group received overtime premium wages.

55. Flowers Defendants' mischaracterization of the named Plaintiffs and other members of the putative class, the concealment or non-disclosure of the true nature of the relationship between Defendants and the Distributors, and the attendant deprivation of substantial rights and benefits of employment during the class periods have been a part of an on-going unlawful practice by Flowers Defendants.

## VI.  CAUSE(S) OF ACTION

### COUNT I
*FAILURE TO PAY OVERTIME TO THE PLAINTIFFS INDIVIUALLY AND ON BEHALF OF THE COLLECTIVE GROUP (FLSA, 29 U.S.C. §§ 201, et seq.)*

56. Plaintiffs re-allege and incorporate by reference each and every allegation set forth in the preceding Paragraphs.

57. Section 206(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any work week is engaged in commerce or in the production of goods for commerce, for a work week longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(a)(1)

58. There are no exemptions applicable to the named Plaintiffs or to members of the proposed Collective Group.

59. For purposes of the FLSA, the employment practices of Flowers Defendants were and are uniform in all respects material to the claims asserted in this Complaint throughout the portions of United States in which Defendants conduct business.

60. The named Plaintiffs and other members of the proposed Collective Group, either regularly or from time to time, worked more than 40 hours per week but did not receive overtime pay for such hours in excess of 40 within weekly pay periods during all times material herein.

61. Upon information and belief, at all times relevant hereto, Flowers Defendants have had annual gross operating revenues well in excess of $500,000.00.

62. In committing the aforementioned wrongful acts alleged to be in violation of the FLSA, Flowers Defendants acted willfully in that they knowingly, deliberately, and intentionally failed to pay overtime premium wages to the named Plaintiff and other members of the proposed Collective Group.

63. In committing the aforementioned wrongful acts alleged to be in violation of the FLSA, Flowers Defendants acted without a good faith basis.

64. As a result of Flowers Defendants' failure to pay overtime premium wages to the named Plaintiffs and other similarly situated Distributors, the named Plaintiffs and member of the putative class have been damaged in an amount to be proved at trial.

65. Therefore, the named Plaintiffs demand they and the other members of the proposed Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week during the class periods for which they were not compensated, plus interest, damages, penalties, and attorneys' fees as provided by law.

## VII.  PRAYERS FOR RELIEF

WHEREFORE, Plaintiffs request of this Court the following relief on behalf of themselves, all members of the Collective Group, and all other similarly situated individuals:

a. That the Court certify the collective group named in the instant suit as an opt-in collective action under 29 U.S.C. § 216(b);

b. That the Court declare the rights and duties of the parties consistent with the relief sought by Plaintiff;

c. That the Court award the named Plaintiffs and collective group members compensatory damages and an equal amount of liquidated damages as provided under the law and pursuant to 29 U.S.C. § 216(b);

d. That the Court award the named Plaintiffs and the collective groups reasonable attorney's fees, costs, and expenses;

e. That the Court order the Defendants to make the named Plaintiffs and the collective group members whole by providing appropriate back pay and other benefits wrongly denied, as well as liquidated damages, in an amount to be shown at trial and other affirmative relief;

f. That the Court award the named Plaintiffs and the collective group members such additional relief as the interests of justice may require;

h. That a jury be impaneled to try this cause.

Respectfully Submitted,

*/s Tamara L. Huckert*_____
Christopher R. Strianese, N.C. Bar No. 46918
Tamara L. Huckert, N.C. Bar No. 35348
**STRIANESE HUCKERT LLP**
3501 Monroe Rd.
Charlotte, NC 28205

Tel. 704-966-2101
*chris@strilaw.com*
*tamara@strilaw.com*
www.strilaw.com

&

Gordon E. Jackson* (TN BPR #08323)
J. Russ Bryant* (TN BPR #33830)
Paula R. Jackson* (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, TN 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

&

Michael L. Weinman* (TN BPR #015074)
**WEINMAN THOMAS LAW FIRM**
112 S. Liberty Street, Suite 321
P.O. Box 266
Jackson, TN 38302
(731) 423-5565
*mike@weinmanthomas.com*

*\*Admission Pro Hac Vice Anticipated*

*Attorneys for the Named Plaintiff, on behalf of himself and all other similarly situated current and former employees*